

**FILED**
**Nov 5, 2025**
**12:30 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | |
|---|---|
| Macey McGuire | Docket No. 2025-60-0654 |
| v. | State File No. 2734-2024 |
| TC Restaurant Group, LLC, et al. | |
| and | |
| Troy Haley, as Administrator of the Bureau of Workers' Compensation Subsequent Injury and Vocational Recovery Fund | |
| Appeal from the Court of Workers' Compensation Claims Joshua D. Baker, Judge | |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employee asserts the trial court erred by denying her request for additional medical treatment and temporary disability benefits following her alleged back injury. The employer initially provided medical treatment and paid temporary disability benefits. The authorized treating physician, who had initially opined the employee's complaints were caused primarily by the work accident, reviewed video surveillance and the employee's written account of the accident and opined that her complaints were not primarily caused by the work incident. Thereafter, the employer denied the claim. Following an expedited hearing, the trial court determined that the physician's opinion was unequivocal and was presumed correct, and it denied the employee's request for additional benefits. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Macey McGuire, Nashville, Tennessee, employee, pro se

Amy Brown and Nicholas J. Peterson, Knoxville, Tennessee, for the employer-appellee, TC Restaurant Group, LLC

Laurenn Disspayne, Nashville, Tennessee, for the appellee, the Subsequent Injury and Vocational Recovery Fund

**Factual and Procedural Background**

On December 22, 2023, Macey McGuire ("Employee") alleged she injured her back while working as a server for TC Restaurant Group, LLC ("Employer"), when she was bending forward "and twisting her upper body . . . to retrieve a fallen serving tray." Employee was seen in an emergency department later that evening and diagnosed with a lumbar strain, and she was advised to follow up with her primary care provider if her symptoms persisted. Employer provided a panel of physicians from which she selected an orthopedic spine surgeon, Dr. Mitul Patel. Following his initial examination, Dr. Patel diagnosed Employee with a lumbar strain and possible disk bulge. Employer paid temporary disability benefits based on Dr. Patel's opinions and recommendations.

On April 22, 2024, Dr. Patel responded to a questionnaire asking for his medical opinion as to causation, and he agreed that the December 22 work incident "contribute[d] more than 50% to [Employee's] current complaints" but noted he could not state whether the incident had caused a permanent aggravation. In May, Dr. Patel's records reflect that Employee was concerned about neurological symptoms and complained of "diffuse symptoms not only in her back but also the neck and entire left side of her upper and lower extremities." Employee requested a neurology referral, which Dr. Patel made, although he documented that he was not sure if it would be covered by workers' compensation. He observed that she "had so many symptoms ever since she had this relatively benign work-related injury where she dropped a tray and bent over to pick it up."

In June 2024, Employer provided Dr. Patel with video surveillance of the work accident and Employee's written account of what had occurred, as well as another questionnaire regarding causation of Employee's injury. Following his review of the newly provided information, Dr. Patel's medical causation opinion changed. Specifically, he responded to the questionnaire as follows (emphases in original):

1. Is [Employee's] description of her mechanism of injury and pain behavior immediately following her alleged injury consistent with what you observe in the video? **NO**

2. Can you state within a reasonable degree of medical certainty that [Employee] suffered <u>a low back strain</u> caused primarily by a specific incident you observe in the video? **NO**

2

3. Considering the mechanism of injury and [Employee's] reporting pre-existing history of low back injury/condition, can you state with a reasonable degree of medical certainty that the disc bulge seen on the 2024 MRI arose primarily from [] the work incident? **NO**

4. Can you state within a reasonable degree of medical certainty that [Employee] suffered <u>any other injury</u> (other than a low back strain) caused primarily by a specific incident (i.e., bending to pick up [an] empty plastic tray) you observe on the video? **NO**

5. Considering all causes, do [Employee's] neurologic complaints and her need for neurological treatment arise primarily (more than 50%) from her December 22, 2003 work incident? **NO**

6. Considering the time and treatment since the December 23, 2023 work incident, can you state with reasonable medical certainty that [Employee's] present disabled state/inability to work is primarily due to any injury primarily caused by this work incident? **NO**

7. Is there any objective medical reason [Employee] cannot work in any capacity? **NO**

Following receipt of Dr. Patel's responses, Employer denied Employee's claim, and Employee filed a request for an expedited hearing and sought a determination on the record. The court issued a docketing notice specifying the dates by which all filings must be submitted in order to be considered by the court. Thereafter, the court issued its decision on the record on August 13, 2025, first addressing Employer's motions to strike certain of Employee's filings as untimely. The court noted that it had issued a docketing notice providing a deadline of July 16, 2025 for either party to file objections to the admissibility of documents that had been submitted as exhibits. The court's docketing notice also provided a July 23 deadline for filing position statements. The court observed that Employee filed objections to portions of certain documents on July 17 and then filed an amended and more fully detailed list of objections on July 25. The court granted Employer's motion to strike with regard to these documents, finding them untimely. With respect to her position statement, also filed on July 25, the court concluded that Employee had offered an explanation that she had a family emergency, and that, under those circumstances, it was appropriate to grant her additional time and accept the position statement.

Regarding the merits of Employee's request, the court noted that the authorized treating physician's causation opinion was entitled to a presumption of correctness pursuant to Tennessee Code Annotated section 50-6-102(12)(E). The court found Dr. Patel had provided an opinion that her complaints and inability to work were not more than 50%

caused by the work incident, rejecting Employee's argument that Dr. Patel's older opinion deserved greater weight. The court reasoned that Dr. Patel's June 2024 opinion relied on more complete information. The court also noted that Employee had offered no contrary expert medical opinion and was, therefore, unlikely to prevail at a trial on the merits. Employee has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2025). When a trial court has made a determination on the record, an appellate tribunal need not give deference to the trial court's findings based solely upon documentary evidence. *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). However, disputes regarding the admissibility of evidence are reviewed under an abuse-of-discretion standard. *Smith v. Galloway Constr., LLC*, No. 2019-03-0016, 2019 TN Wrk. Comp. App. Bd. LEXIS 70, at *11 (Tenn. Workers' Comp. App. Bd. Oct. 28, 2019). A trial court abuses its discretion when it causes an injustice by applying an incorrect legal standard, reaching an illogical decision, or by resolving the case "on a clearly erroneous assessment of the evidence." *Lee Medical, Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2025).

**Analysis**

In her notice of appeal, Employee asserts "the trial court erred in its determination based on the record before it." Employee did not timely file a brief for our consideration.[1] In its response to Employee's appeal, Employer argues that "Dr. Patel's June 2024 opinion supersedes his earlier April 2024 opinion . . . [and] the trial court correctly gave greater weight to the latter opinion, which was based on more complete information."

---

[1] Employee's brief was due on or before September 26, 2025 pursuant to an order granting Employee's motion for an extension of time to file her brief. On September 29, Employee filed a "Notice of Intent to File Brief," but no brief was filed with the notice. On October 3, Employer filed its brief on appeal and on October 7, Employee filed her brief, accompanied by a motion to accept her late-filed brief as timely. Employer objected and, in an order issued on October 14, we denied Employee's motion to accept her brief as timely. Accordingly, we decline to consider her brief in our review of the record on appeal.

It is well settled that the employee in a workers' compensation case bears the burden of proving all essential elements of her claim, even at an interlocutory stage of the case. *See Scott v. Integrity Staffing Solutions*, No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). Although an employee need only prove a likelihood of prevailing at trial to secure benefits at an interlocutory hearing, "this lesser evidentiary standard . . . does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing." *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). Here, it was Employee's burden to come forward with sufficient evidence to convince the court she is likely to prevail at trial in proving she suffered an injury arising primarily out of the work incident.

Following receipt of notice of a workplace accident, Employer provided a panel of physicians from which Employee selected Dr. Patel. It is unrefuted that Dr. Patel was a panel-selected treating physician whose opinion is entitled to a presumption of correctness. When initially asked for a causation opinion, Dr. Patel opined that Employee's complaints were more than 50% causally related to the work incident. Employer continued providing benefits to Employee while it submitted a second questionnaire to Dr. Patel accompanied by additional information. After reviewing the additional information, Dr. Patel changed his opinion regarding causation, and Employer denied the claim. We conclude the trial court did not err in accepting Dr. Patel's June 2024 opinion and affording it a presumption of correctness.

In considering conflicting expert medical opinions, a court may consider "the qualification of the experts, the circumstances of their examination, the information available to them, and the evaluation of the importance of that information by other experts." *Orman v. Williams Sonoma, Inc.*, 803 S.W.2d 672, 676 (Tenn. 1991). In addition, it is well-established that, when faced with competing expert medical opinions, "trial courts are granted broad discretion in choosing which opinion to accept, and we will not disturb that decision absent an abuse of discretion." *Jimenez v. Xclusive Staffing of Tenn., LLC*, No. 2016-06-2377, 2017 TN Wrk. Comp. App. Bd. LEXIS 45, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 7, 2017). Furthermore, Employee did not offer any contrary medical proof to rebut Dr. Patel's opinion. We find Employee's assertion that Dr. Patel's April 2024 opinion is more accurate than his June 2024 opinion, which took into consideration additional information, to be without merit.

At this interlocutory stage of the case, Employee has not shown by a preponderance of the evidence that she is likely to prevail at trial in proving her alleged injuries and medical conditions arose primarily out of her employment. In short, we conclude the trial court did not err in accepting Dr. Patel's most recent causation opinion.

## Conclusion

For the foregoing reasons, we affirm the trial court's order and remand the case. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Macey McGuire | Docket No. 2025-60-0654 |
| v. | State File No. 2734-2024 |
| TC Restaurant Group, LLC, et al. | |
| and | |
| Troy Haley, as Administrator of the Bureau of Workers' Compensation Subsequent Injury and Vocational Recovery Fund | |
| Appeal from the Court of Workers' Compensation Claims Joshua D. Baker, Judge | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 5th day of November, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Macey McGuire | | | | X | maceyjmcguire@gmail.com |
| Nicholas J. Peterson | | | | X | nick.peterson@petersonwhite.com<br>amy.brown@petersonwhite.com |
| Laurenn Disspayne | | | | X | laurenn.disspayne@tn.gov |
| Joshua D. Baker, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov